UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

JAMES STEPHAN ZIMMERMAN,

        Plaintiff,                        Case No. 1:12-cv-1402

v.                                            Honorable Robert J. Jonker

E. HARDIMAN et al.,

        Defendants.
_____/

**OPINION**

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint against Defendants Michigan Department of Corrections and Brooks Correctional Facility because they are immune from suit under § 1983. The Court will serve the complaint against Defendant Hardiman.

**Factual Allegations**

Plaintiff is incarcerated in the E.C. Brooks Correctional Facility. In his *pro se* complaint, Plaintiff sues Law Librarian E. Hardiman, the Michigan Department of Corrections (MDOC) and the Brooks Correctional Facility. Plaintiff claims that despite his indigence, Defendant Hardiman repeatedly has refused to give him indigent loans for legal copies. Plaintiff further claims that he was provided with a legal writer to assist him with his criminal appeals at all five of the MDOC facilities where he previously was incarcerated, but Defendant Hardiman has refused his requests for a legal writer to assist him at Brooks. As a result of Hardiman's failure to provide him with legal copies, Plaintiff alleges that he was unable to timely submit copies of his complaint in another federal action pending in this Court and was unable to timely file a federal habeas corpus petition.

**Discussion**

Plaintiff may not maintain a § 1983 action against the MDOC or the Brooks Correctional Facility. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous unpublished opinions, the Sixth Circuit has specifically held that the MDOC is absolutely immune from suit under the Eleventh Amendment.

*See*, *e.g.*, *McCoy v. Michigan*, 369 F. App'x 646, 653-54 (6th Cir. 2010); *Turnboe v. Stegall*, No. 00-1182, 2000 WL1679478, at *2 (6th Cir. Nov. 1, 2000).  As an administrative unit of the MDOC, the Brooks Correctional Facility also is entitled to absolute immunity from suit under § 1983.  In addition, neither the State of Michigan (acting through the MDOC) nor the Brooks Correctional Facility is a "person" who may be sued under § 1983 for money damages.  *See Lapides v. Bd. of Regents*, 535 U.S. 613 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989)).  Therefore, the Court will dismiss the MDOC and the Brooks Correctional Facility.

With regard to Defendant Hardiman, the Court concludes that the complaint is not subject to dismissal under 28 U.S.C. §§ 1915(e)(2), 1915A or 42 U.S.C. § 1997e(c).  Accordingly, the Court will order service of the complaint against Defendant Hardiman.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants MDOC and Brooks Correctional Facility will be dismissed under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c), because they are immune.  The Court will serve the complaint against Defendant Hardiman.

An Order consistent with this Opinion will be entered.


Dated:      January 22, 2013             /s/ Robert J. Jonker
                                         ROBERT J. JONKER
                                         UNITED STATES DISTRICT JUDGE