UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES STEPHAN ZIMMERMANN,

        Plaintiff,

Case No. 1:12-cv-1402

Hon. Robert J. Jonker

v.

E. HARDIMAN, *et al.*,

        Defendants.
        _____/

**REPORT AND RECOMMENDATION**

This is a *pro se* civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. This matter is now before the court on defendant Elisia Hardiman's motion for summary judgment (docket no. 8).

**I.    Plaintiff's complaint**

This Court previously summarized plaintiff's claims as follows:

> Plaintiff is incarcerated in the E.C. Brooks Correctional Facility. In his *pro se* complaint, Plaintiff sues Law Librarian E. Hardiman, the Michigan Department of Corrections (MDOC) and the Brooks Correctional Facility. Plaintiff claims that despite his indigence, Defendant Hardiman repeatedly has refused to give him indigent loans for legal copies. Plaintiff further claims that he was provided with a legal writer to assist him with his criminal appeals at all five of the MDOC facilities where he previously was incarcerated, but Defendant Hardiman has refused his requests for a legal writer to assist him at Brooks. As a result of Hardiman's failure to provide him with legal copies, Plaintiff alleges that he was unable to timely submit copies of his complaint in another federal action pending in this Court and was unable to timely file a federal habeas corpus petition.

Opinion at p. 2 (docket no. 4).

In screening plaintiff's complaint pursuant to the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, the court dismissed all defendants except for Hardiman. *Id.* at p. 3;

Order for partial dismissal (docket no. 5). Defendant Hardiman has moved for summary judgment on the ground that plaintiff failed to exhaust his administrative remedies.

### II. Defendants' motions for summary judgment

### A. Legal standard

Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, which confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Burnett v. Grattan*, 468 U.S. 42, 45 n. 2 (1984); *Stack v. Killian*, 96 F.3d 159, 161 (6th Cir.1996). To state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that the defendant deprived him of this federal right under color of law. *Jones v. Duncan*, 840 F.2d 359, 360-61 (6th Cir. 1988); 42 U.S.C. § 1983.

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56 further provides that a party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

In *Copeland v. Machulis*, 57 F.3d 476 (6th Cir. 1995), the court set forth the parties' burden of proof in deciding a motion for summary judgment:

> The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case. Once the moving party has met its burden of production, the nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the motion for summary judgment. The mere existence of a scintilla of evidence to support plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.

*Copeland*, 57 F.3d at 478-79 (citations omitted). "In deciding a motion for summary judgment, the court views the factual evidence and draws all reasonable inferences in favor of the nonmoving party." *McLean v. 988011 Ontario Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000).

### B. Failure to Exhaust

#### 1. Exhaustion requirement

The PLRA provides that a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). A prisoner must exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741. One reason for creating prisoner grievance procedures under the PLRA was to create an administrative record for the court.

> Requiring exhaustion allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court. This has the potential to reduce the number of inmate suits, and also to improve the quality of suits that are filed by producing a useful administrative record.

*Jones v. Bock*, 549 U.S. 199, 204 (2007). In order to properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules. *Id.* at 218; *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006).

3

"Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'" *Jones*, 549 U.S. at 218.

### 2. MDOC Grievance process

The MDOC requires prisoners to follow a three-step process to exhaust grievances. *See* Policy Directive 03.02.130 (effective July 9, 2007). A prisoner must first attempt to resolve a problem with the staff member within two business days of becoming aware of the grievable issue, unless prevented by circumstances beyond his or her control. *Id.* at ¶ P. If the issue is not resolved, then the grievant may file a Step I grievance on the prescribed form within five business days after the grievant attempted to resolve the issue with appropriate staff. *Id.* at ¶¶ P and R. The Policy Directive provides the following directions for completing grievance forms:

> The issues should be stated briefly but concisely. Information provided is to be limited to the <u>facts</u> involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places and names of all those involved in the issue being grieved are to be included.

*Id.* at ¶ R (emphasis in original). The prisoner must send the Step I grievance to the appropriate grievance coordinator. *Id.* at ¶ V. If the prisoner is dissatisfied with the Step I response, or does not receive a timely response, he must request the appropriate form and send it to the Step II Grievance Coordinator. *Id.* at ¶ BB. Finally, if a prisoner is dissatisfied with the Step II response, or does not receive a timely response, he must send a completed Step III grievance, using the appropriate form, to the Grievance and Appeals Section. *Id.* at ¶ FF.

### 3. **Plaintiff failed to properly exhaust his claims**

Plaintiff filed the present action on December 27, 2012. *See* Compl. (docket no. 1). His claims arise from events which occurred at an unspecified date at the E.C. Brooks Correctional Facility ("LRF"). MDOC records reflect that plaintiff filed two grievances at LRF, grievance no.

4

LRF 12-09-1416-14f ("1416") and grievance no. LRF 12-10-1551-01b ("1551"). *See* Affidavit of Richard Russell at ¶ 18 (docket no. 9-2); MDOC Prisoner Step III Grievance Report (docket no. 9-2). The MDOC received grievance no. 1416 on September 18, 2012, and plaintiff filed his step III grievance appeal on January 3, 2013. *Id.* The MDOC received grievance no. 1551 on October 22, 2012, and plaintiff filed his step III grievance on December 20, 2012. *Id.* The Grievance Section of the MDOC had not yet responded to the step III appeal when Mr. Russell completed his affidavit on March 8, 2013. *See* Russell Aff. at ¶ 19. In short, plaintiff did not exhaust either grievance no. 1416 or grievance no. 1551 before he filed this action on December 27, 2012.

Indeed, plaintiff recognizes that he did not properly exhaust these grievances prior to filing this action. Instead of filing a response to defendant's motion for summary judgment, plaintiff sought to delay the court's adjudication of defendant's motion by filing a document entitled "Request for a stay of proceedings and motion to hold case in abeyance in the inters of sound judicial process and not cloging [sic] up the court docket with having to refile petition when the defendants moved for dismissal without prejudice." *See* Request (docket no. 11). In his "request," plaintiff acknowledged that the MDOC had not yet responded to his step III grievance appeal(s) and asked the court to hold the case in abeyance and retain jurisdiction until the MDOC filed its step III response. *Id.* This Court denied the request, which it construed as a motion for a stay and abeyance similar to the procedure applied in habeas corpus cases brought pursuant to 28 U.S.C. § 2254. *See* Order (docket no. 12). Plaintiff recently submitted a "supplement" which included copies of an illegible grievance appeal form and the MDOC's August 13, 2013 response to the step III appeal filed with respect to grievance no. 1416. *See* Supplement (docket no. 13).

5

The PLRA provides that "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought. *Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741. Thus, a prisoner "may not exhaust administrative remedies during the pendency of the federal suit." *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir.1999). The uncontested record establishes that plaintiff did not exhaust any grievances at LRF prior to filing his complaint. The record further reflects that plaintiff was aware that his claims in his complaint were not exhausted and attempted to remedy the situation by seeking to delay the court proceedings until he could complete the step III appeal process.

Based on this record, plaintiff did not properly exhaust a grievance against defendant Hardiman. *See Jones*, 549 U.S. at 218; *Woodford*, 548 U.S. at 90-91; *Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741; *Freeman*, 196 F.3d at 645. *See also, Cameron v. Howes*, No. 1:10-cv-539, 2012 WL 3686535 (W.D. Mich. Aug. 6, 2012) and 2012 WL 3655460 (Aug. 24, 2012) (claim which was not exhausted until after prison filed his civil rights action was not properly exhausted). Accordingly, defendant Hardiman's motion for summary judgment should be granted.[1]

---

[1] In addition, defendant refers to Policy Direction 03.02.130 ¶ S, which provides in part that "[t]he total grievance process from the point of filing a Step I grievance to providing a Step III response shall generally be completed within 120 calendar days." Even if this Court were to construe the MDOC's 120-day completion goal as a self-imposed deadline for responding to step III grievance appeals, such a "deadline" would not apply in this case because plaintiff did not wait 120 days before filing his complaint.

### III. Recommendation

For the reasons set forth above, I respectfully recommend that defendant Hardiman's motion for summary judgment (docket no. 8) be **GRANTED** for failure to exhaust administrative remedies and that this action be **DISMISSED**.


Dated: December 10, 2013         /s/ Hugh W. Brenneman, Jr.
                                 HUGH W. BRENNEMAN, JR.
                                 United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).