UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JAMES STEPHAN ZIMMERMAN,

        Plaintiff,

                              CASE NO. 1:12-CV-1402

v.

                              HON. ROBERT J. JONKER

E. HARDIMAN, *et al.*,

        Defendants.
_____/

## ORDER APPROVING AND ADOPTING
## REPORT AND RECOMMENDATION

        The Court has reviewed Magistrate Judge Brenneman's Report and Recommendation (docket # 14) and Plaintiff's Objections (docket # 15).  Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified."  12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997).  Specifically, the Rules provide that:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule.  The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b).  De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge.  *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).  The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the

Report and Recommendation itself and Plaintiff's Objections. After its review, the Court finds the Magistrate Judge's decision factually sound and legally correct.

The Magistrate Judge recommends dismissal of Plaintiff's claims against Defendant Hardiman for failure to exhaust the claims completely before filing this lawsuit. It is undisputed that although Plaintiff initiated the prison grievance process before filing this lawsuit, the Grievance Section of the MDOC had not yet responded to his Step III appeals at the time Plaintiff filed this case.[1] The Magistrate Judge determined correctly that because the prison grievance process was not complete at the time of filing, the claims against Defendant Hardiman, who is the only defendant remaining in the case, must be dismissed. *See Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999) (dismissing plaintiff's complaint without prejudice because plaintiff "filed his federal complaint before allowing the administrative process to be completed"); *Hopkins v. Ohio Dept. of Corrections*, 84 F. App'x 526, 527 (2003) ("When a prisoner fails to exhaust his administrative remedies before filing a civil rights complaint in federal court, or only partially exhausts administrative remedies, dismissal of the complaint is appropriate."); *Williams v. Norton*, 23 F. App'x 396, 397 (6th Cir. 2001) (affirming dismissal of prisoner's complaint without prejudice because there was no evidence that prisoner's Step III grievances had been resolved and describing the suit as "subject to dismissal because a final decision with respect to the grievances has not been rendered."). A prisoner "may not exhaust administrative remedies during the pendency of [his] federal suit." *Freeman*, 196 F.3d at 645. In his Objections, Plaintiff complains about the MDOC and expresses dissatisfaction with the state of the law. But none of his objections change the fundamental analysis applicable in this case. For precisely the reasons the Report and

---

[1]Plaintiff on September 23, 2013, filed a copy of the MDOC's response to one of his Step III grievances (docket # 13). The response is dated August 13, 2013, well after this lawsuit was filed on December 27, 2012.

Recommendation delineates, dismissal of the claims against Defendant Hardiman without prejudice is appropriate.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (docket # 8) is approved and adopted as the opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant Hardiman's Motion for Summary Judgment (docket # 8) is **GRANTED**. Plaintiff's claims against Defendant Hardiman are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** in its entirety.

**IT IS FURTHER ORDERED** that for the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997) (*overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007)).


Dated:      February 28, 2014              /s/ Robert J. Jonker
                                          ROBERT J. JONKER
                                          UNITED STATES DISTRICT JUDGE